UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RedWind Renewables, LLC and Dakota Plains Energy, Inc., | Court File No. _____ |
| Plaintiffs, | |
| v. | **NOTICE OF REMOVAL** |
| Terna Energy USA Holding Corporation, | |
| Defendant. | |

Defendant Terna Energy USA Holdings Corporation ("Terna" or "Defendant"), by and through its undersigned counsel, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, as follows:

**COMMENCEMENT AND SERVICE**

1. On Wednesday, May 5, 2021, Plaintiffs RedWind Renewables, LLC ("RedWind") and Dakota Plains Energy, Inc. ("Dakota Plains"), collectively ("Plaintiffs"), attempted to serve a copy of a Hennepin County, Minnesota, Summons and Complaint via personal service upon Defendant Terna Energy USA Holding Corporation ("Defendant"), c/o Registered Agent: Cogency Global, Inc., as indicated by the Affidavit of Service (the "State Court Action").

2. A copy of the Summons, Complaint, and Affidavit of Service that the Plaintiffs attempted to serve in the State Court Action are attached hereto as **Exhibit 1**.

3. Due to an apparent error by Defendant's Registered Agent, Defendant received no actual notice of Plaintiffs' lawsuit at or around the time of attempted service.

1

Upon investigation into the matter, Defendant learned after-the-fact that an electronic copy of Plaintiffs' Summons, Complaint, and Affidavit of Service was emailed to Defendant's former CEO, which email was never opened.  Defendant's investigation further revealed that paper copies of Plaintiffs' Summons, Complaint, and Affidavit of Service were sent via Federal Express to Defendant's former offices in San Francisco.  The Federal Express envelope was slid under the door of the vacant offices where it sat, untouched, unopened, and unnoticed, until June 9, 2021.

4.     On June 8, 2021 at 11:48 PM, Plaintiffs sent Defendant an electronic copy of the Summons, Complaint, and Affidavit of Service via email.  Defendant had no actual notice of Plaintiffs' lawsuit until June 9, when it received and read Plaintiffs' June 8 email.  A copy of Plaintiffs' June 8 email is attached hereto as **Exhibit 2**.

5.     On June 11, 2021, Defendant's counsel contacted Plaintiffs' counsel to inform Plaintiffs that Defendant had only just received notice of Plaintiffs' lawsuit via Plaintiffs' June 8 email, and requesting that the parties attempt to reach agreement on an appropriate date by which Defendant would respond to Plaintiffs' Complaint.  Thereafter, the parties entered into a Stipulation pursuant to which they agreed that Defendant would have until July 9, 2021 to answer, move, or otherwise respond to Plaintiffs' Complaint.  On July 1, 2021, Hennepin County District Court Judge Patrick D. Robben entered the parties' Stipulation as an Order of the Court.  The parties' Stipulation and the Court's Order are attached hereto as **Exhibit 3**.

6.     By filing this Notice of Removal, Defendant does not waive any defenses or legal positions, jurisdictional or otherwise, which it may possess.  Defendant intends no

admissions of fact, law, or liability by this Notice, and expressly reserves all defenses, motions and/or pleas.

## GROUNDS FOR REMOVAL

7. Under 28 U.S.C. § 1441(a), a civil action is removable if the plaintiff or plaintiffs could have originally brought the action in federal court.

8. Defendant is entitled to remove the State Court Action to this Court pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446 because this is a civil action involving an amount in controversy exceeding $75,000.00, exclusive of interest and costs, and is between parties with diverse citizenship.

## DIVERSITY OF CITIZENSHIP

9. Jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity of citizenship and a minimum amount in controversy in excess of $75,000. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). "A court looks to the 'citizenship of the real parties to the controversy' to determine the existence of complete diversity." *Saunders v. Countrywide Home Loans of Minnesota, Inc.*, 548 F. Supp. 2d 692, 693 (D. Minn. 2008) (quoting *Associated Ins. Mgmt. Corp. v. Ark. Gen. Agency,* 149 F.3d 794, 796 (8th Cir. 1998)). "An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015). "For purposes of establishing diversity jurisdiction, a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it

3

has its principal place of business." *Jet Midwest Int'l Co., Ltd v. Jet Midwest Grp., LLC*, 932 F.3d 1102, 1104 (8th Cir. 2019) *citing* 28 U.S.C. § 1332(c)(1).

10. This is an action with complete diversity of citizenship between Plaintiffs and Defendant.

11. As alleged in the Complaint, RedWind is a Minnesota limited liability company whose principal place of business in located in Eden Prairie, Minnesota. (Compl. ¶ 1.) The sole member of RedWind, Dan Rustowicz, is domiciled and is a resident of Minnesota. (*Id.*) Therefore, the citizenship of RedWind, for purposes of diversity jurisdiction, is Minnesota.

12. As alleged in the Complaint, Dakota Plains is a South Dakota corporation whose principal place of business is located in Aberdeen, South Dakota. (Compl. ¶ 2.) The sole members of Dakota Plains, Robin Johnson and Heath Johnson, are residents of and domiciled in South Dakota. (*Id.*) Therefore, for purposes of diversity jurisdiction, the citizenship of Dakota Plains is South Dakota.

13. Defendant Terna Energy USA Holdings Corporation is a Delaware corporation whose principal place of business is located in Atlanta, Georgia. Therefore, for purposes of diversity jurisdiction, Terna is a citizen of Delaware or Georgia.

14. Though Terna has recently moved its principal place of business from San Francisco, California to Atlanta, Georgia, no change of citizenship has occurred since Plaintiffs' attempt at commencement of the action through service of the Complaint, and the parties have always been citizens of different states. Accordingly, complete diversity of citizenship has existed among the parties at all times relevant to this lawsuit.

15. In accordance with 28 U.S.C. § 1332(a), this lawsuit is between parties with diverse citizenship.

**AMOUNT IN CONTROVERSY**

16. "[J]urisdiction is determined at the time of removal." *McLain v. Andersen Corp.*, 567 F.3d 956, 965 (8th Cir. 2009). "In the absence of . . . evidence of bad faith, the sum claimed by the plaintiff controls on the question of jurisdiction unless, on the face of the pleadings, it is apparent to a legal certainty that the jurisdictional amount is not involved." *Home Ins. Co. of New York v. Trotter*, 130 F.2d 800, 803 (8th Cir. 1942). Remand is only appropriate if the plaintiff can "establish that it is legally impossible to recover in excess of the jurisdictional minimum." *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009) (citing *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)).

17. This matter concerns claims related to a Wind Farm Development Agreement dated September 1, 2019 ("Development Agreement") between the parties. Plaintiffs seek fees allegedly owed under the Development Agreement and allege that these fees amount to $8,094,000. (Compl. ¶¶ 30-32.)

18. Thus, amounts in excess of $75,000 are at stake in this litigation and the amount-in-controversy requirement for removal under 28 U.S.C. § 1332(a) is satisfied.

**NOTICE**

19. Promptly after filing this Notice of Removal, Defendant will give written notice to all adverse parties as required by 28 U.S.C. § 1446(d) and will file a copy of this Notice with Hennepin County, Minnesota, District Court Administrator by filing and

serving the same in the State Court Action. A copy of Defendant's written notice is attached hereto as **Exhibit 4**.

## STATE COURT PLEADINGS

20. On June 17, 2021, Plaintiffs filed their Complaint, Summons, and Affidavit of Service in Hennepin County District Court in Minnesota. The State Court Action has been assigned Case Number 27-CV-21-7708.

21. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders received are attached hereto.

22. To Defendant's and counsel's knowledge, there are no matters pending in the state court that will require resolution by this Court.

## REMOVAL

WHEREFORE, Defendant notices the removal of this case to the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1441 *et seq.* and in conformity with the requirements set forth in 28 U.S.C. § 1446.

Dated: July 8, 2021                           **STOEL RIVES LLP**

*s/Margaret E. Dalton*
Margaret E. Dalton (#387357)
33 South Sixth Street, Suite 4200
Minneapolis, MN  55402
Telephone:  (612) 373-8800
maggie.dalton@stoel.com

**ATTORNEYS FOR DEFENDANT**