UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| RedWind Renewables, LLC, and Dakota Plains Energy, Inc., | Case No. 21-cv-1580 (WMW/DTS) |
| Plaintiffs, | |
| v. | **ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** |
| Terna Energy USA Holding Corporation, | |
| Defendant. | |

---

Before the Court is Plaintiff RedWind Renewables, LLC, and Plaintiff Dakota Plains Energy, Inc.'s motions to remand this case to Hennepin County District Court, Fourth Judicial District. (Dkts. 7, 10.) Plaintiffs argue that Defendant Terna Energy USA Holding Corporation (Terna) improperly removed this case to federal court after the 30-day statutory deadline for removal. Terna opposes the motion. For the reasons addressed below, the Court grants Plaintiffs' motions to remand.

## BACKGROUND

On May 5, 2021, Plaintiffs served a copy of their state-court summons and complaint on Terna's registered agent, Cogency Global, Inc. (Cogency). Cogency subsequently emailed an electronic copy of the summons, complaint and affidavit of service to Terna's former CEO. Cogency also mailed copies of the same documents to Terna's former office in San Francisco, California. On June 8, 2021, Plaintiffs emailed Terna electronic copies of the summons, complaint and affidavit of service. On June 30,

2021, the parties entered into a stipulation, which gave Defendant until July 9, 2021, to respond to Plaintiffs' complaint.

Terna removed the case to this Court on July 8, 2021, based on diversity jurisdiction. Plaintiffs now move to remand the case to state court pursuant to 18 U.S.C. § 1447(c), arguing that Terna failed to comply with the 30-day deadline for removal to federal court. Plaintiffs contend that the 30-day period for removal commenced on May 5, 2021, when Plaintiffs served Terna's registered agent.  Because Terna did not file a notice of removal until July 8, 2021, more than 30 days after the statutory deadline to do so, Plaintiffs argue that removal was improper.  Terna counters that it was obligated to respond within 30 days after receiving a copy of the complaint—not 30 days after the date of service on its registered agent—and that removal was, therefore, timely.

## ANALYSIS

Plaintiffs argue that because Terna removed this case to federal court more than 30 days after the statutory deadline for removal, the case should be remanded to state court. Terna maintains that removal was timely because Terna was not served until Terna—and not its registered agent—actually received the summons and complaint.

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).  This 30-day removal deadline is a mandatory, jurisdictional requirement. *See Dalton v. Walgreen Co.*, 721 F.3d 492, 493 (8th Cir. 2013) (stating that "a defendant must file a notice of removal within 30 days of one of the statute's triggering

events").  "[A]ny doubts about the propriety of removal are resolved in favor of remand."
*Cason v. Morisseau*, No. 06-4494 (DSD/JJG), 2008 WL 60418, at *1 (D. Minn. Jan. 2,
2008); *c.f. Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010) (stating that "[a]ll
doubts about federal jurisdiction should be resolved in favor of remand to state court"
(internal quotation marks omitted)).

The validity of service effected prior to removal is governed by state law.  *Norsyn,
Inc. v. Desai*, 351 F.3d 825, 829 (8th Cir. 2003).   Under Minnesota law, "[a] foreign
corporation shall be subject to service of process, as follows: (1) by service on its registered
agent; or (2) as provided in section 5.25."  Minn. Stat. § 303.13, subdiv. 1.  Service of
process on a foreign corporation must be made on its registered agent if one exists.  Minn.
Stat. § 5.25, subdiv. 1.  A company's registered agent for service of process is "essentially
an employee of the defendant[ ]."  *Percell's Inc. v. Cent. Tel. Co.*, 493 F. Supp. 156, 157
(D. Minn. 1980).  Thus, "service of the agent [is] service on the defendant[ ]."  *Id.*

Here, Plaintiffs served Terna's registered agent, Cogency, on May 5, 2021.  Terna
does not dispute that Cogency is Terna's registered agent.  Nor does Terna dispute that
Plaintiffs served Cogency with the requisite initial pleadings.  Terna instead argues that
service on its registered agent is not effective because Cogency failed to convey Plaintiffs'
initial pleadings to Terna.  But Terna's argument is contrary to Minnesota law.  Service on
Terna occurred when Plaintiffs served Terna's registered agent.  *See id.*

Terna's reliance on *Anderson v. State Farm Mutual Automobile Insurance Co.*, 917
F.3d 1126 (9th Cir. 2019), and other cases involving statutory agents, is inapposite.  In
*Anderson*, the United States Court of Appeals for the Ninth Circuit explicitly distinguished

a statutory agent—an agent designated by the state legislature—from a registered agent, concluding that a defendant clearly is served when its *registered* agent is served because defendants have "meaningful say in [and] control over" their registered agents. 917 F.3d at 1128 (stating that "an agent designated by the state legislature to receive service fundamentally differs from a defendant's agent-in-fact, because the defendant has no meaningful say in or control over the former").  Similarly, Terna's reliance on *Ackerman v. PNC Bank, National Association*, No. 12-00042 SRN/JSM, 2012 WL 3292889, at *2–3 (D. Minn. Aug. 13, 2012), is misplaced.  The contested service of process in *Ackerman* involved service on a statutory agent, not a registered agent.  This distinction is legally significant, and Terna's attempts to equate the two are unavailing.

The Court finds that Terna was served on May 5, 2021, when Plaintiffs served Terna's registered agent.  Terna was required to remove the case to federal court within 30 days after May 5, 2021—that is, by June 4, 2021.  Because Terna did not remove the case until July 8, 2021, the removal exceeded the statutory deadline by 34 days. The Court, therefore, remands this case to Hennepin County District Court, Fourth Judicial District.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1.     Plaintiff RedWind Renewables, LLC, and Plaintiff Dakota Plains Energy, Inc.'s motions to remand this case to Hennepin County District Court, Fourth Judicial District, (Dkt. 7, 10), are **GRANTED**.

2.      This case is **REMANDED** to Hennepin County District Court, Fourth

Judicial District.

Dated:  December 6, 2021                                s/Wilhelmina M. Wright
                                                        Wilhelmina M. Wright
                                                        United States District Judge